# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SERGIO J. CRUZ, Inmate #98484-080,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) CIVIL NO. 05-316-WDS |
| | ) |
| **UNITED STATES ATTORNEY GENERAL,** | ) |
| | ) |
| **Respondent.** | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Petitioner, an inmate in the Federal Correctional Institution in El Reno, Oklahoma, brings this habeas corpus action challenging his sentence imposed in the United States District Court for the Southern District of Illinois. His petition makes clear that he is challenging the constitutionality of his federal sentence. However, it is unclear under which statute the Petitioner has brought this action. He filed the petition on a form entitled "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody," but the word State is lined through and the word Federal is handwritten underneath. He could be seeking relief under the general habeas corpus statute, 28 U.S.C. § 2241, or he could be moving to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Regardless of the procedural vehicle he uses to bring his claims, any attack on his federal sentence is barred by the Petitioner's plea agreement.

Pursuant to a plea agreement and stipulations of fact, Petitioner pleaded guilty to one count of conspiracy to distribute marijuana. On December 8, 2003, he was sentenced to 262 months imprisonment, five years supervised release, and a fine in the amount of $300.00. No appeal was

filed, but on April 29, 2005, Petitioner filed this action.

Petitioner entered into a plea agreement with the Government in an attempt to benefit himself. In exchange for the benefits he received, Petitioner waived his right to a direct appeal and to a collateral attack. Specifically, the plea agreement provides in relevant part:

> The Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the Defendant knowingly and voluntarily waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which the sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, including ordered restitution, in exchange for the concessions made by the United States in this plea agreement. The Defendant also waives his right to challenge his sentence or the manner in which it was determined *in any collateral attack, including but not limited to* a motion brought under Title 28, United States Code, Section 2255 (emphasis added).

Plea agreement ¶ II-12 (Doc. 74, criminal case).

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 117 S.Ct. 2467 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct. 349 (1995). A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190.

Similarly, the Seventh Circuit has found that a waiver of Section 2255 relief in a plea agreement is enforceable, and should be treated no differently from the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement.

*Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190.

For the waiver to apply, however, Petitioner's sentence had to be within the maximum provided for in the statute of conviction and the applicable guideline range based upon petitioner's relevant conduct. The maximum penalty for conspiracy to distribute marijuana is life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). Based upon the conduct to which Petitioner admitted and others attributed to him, his applicable range of imprisonment was 262 to 327 months; Petitioner was sentenced to 262 months. There is no basis in the record for avoiding this waiver, as the Court neither relied upon constitutionally impermissible factors in sentencing Petitioner nor, sentenced him above the statutory maximum.

Because the waiver provisions of a plea agreement are enforceable, Petitioner has waived his right to collaterally attack his sentence via either Section 2255 or Section 2241. Accordingly, the instant petition is **DISMISSED**.

**IT IS SO ORDERED.**

**DATED: May 6, 2005**

                                                                **s/ WILLIAM D. STIEHL**
                                                                **DISTRICT JUDGE**